BARKETT, Circuit Judge,
dissenting:
I dissent because I believe that Timothy Letord Hales’ sentence of 360 months — 30 years — imprisonment for conspiracy to possess with intent to distribute 5 grams or more of cocaine base, and possession with intent to distribute 5 grams or more of cocaine base was unreasonable on this record.
The record indicates that Hales was convicted of selling less than one ounce of cocaine base. His sentencing enhancement to 30 years imprisonment is based on two Florida felony convictions. The first offense dates back to April 1995, when Hales was arrested, and a baggie containing 28 pieces of cocaine base fell from his pants. He was sentenced to 15 months — a little over one year — imprisonment. The second offense dates to May 1996, when Hales was pulled over by a highway patrol trooper, who found 41 pieces of cocaine base. Hales was again sentenced to a little over one year of imprisonment. These two offenses occurred approximately ten years prior to the instant offense, and, as in this offense, involved relatively small amounts of drugs. A 30 year sentence for these three offenses is unreasonable.
Moreover, the mitigating evidence here likewise supports a lesser sentence. Hales suffered a traumatic childhood, resulting in part from a fire at his home that killed his father and brother and left him severely burned. Hales has also suffered problems with drug and alcohol abuse and was hospitalized once after he attempted suicide. Further, Hales was employed at the time of the instant offense and his employer indicated that he was a good employee and would be considered for rehire. As the district court noted, Hales is “somebody who certainly ... has the potential to succeed.” [1]
The Supreme Court ruled in United States v. Booker that we must review sentencing decisions for unreasonableness. *508 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Our review for unreasonableness requires us to evaluate the sentence imposed in light of each defendant’s individual circumstances, rather than simply rubber-stamping as “reasonable” any sentence that falls within the guidelines range. Under 18 U.S.C. § 3553(a), a district court must impose a sentence “sufficient, but not greater than necessary” to serve the purposes set forth in the statute, including the nature and circumstances of the offense[2] and the history and characteristics of the defendant, among other things. A SO year term of imprisonment for Hales does not meet the requirements of Section 3553(a), and is clearly unreasonable.

. However, this conclusion is nowhere reflected in the 30 year sentence imposed upon Hales. The district court did not give any reasons for its imposition of a thirty year term of imprisonment. The court merely stated that it "impos[ed] the selected sentence ... [because] [t]he Court finds the sentence at the low end would not appear to undermine the statutory purposes of sentencing.” I believe that more is required to justify a sentence— any sentence — though particularly one when, as here, the defendant was sentenced to a lengthy term of imprisonment, for a relatively minor crime, with a relatively minor criminal history and compelling personal characteristics which explain, in part, his conduct. I worry that, in light of current circuit precedent, a district court may be able to justify any length of imprisonment merely by evoking the magic words — that the judge has considered the applicable guidelines, the factors set forth in Section 3553(a), and the argu *508 ments of the defendant — -that entitle the district court to great deference and often preclude any meaningful review.

. This is especially so when one considers that if he had been convicted of commercial bribery, with a criminal history category of 6 (for his two prior drug convictions), his sentence under the guidelines would have been six to twelve months — or half-a-year to a year. U.S. Sentencing Guidelines Manual §§ 2B4.1, 4A1.1, 5A. If he had bribed an elected public official, a crime that reaches into the very heart of our government, his guideline sentencing range would be a mere 33-41 months — a maximum of approximately three- and-a-half years. U.S. Sentencing Guidelines Manual §§ 2C1.1, 4A1.1, 5A.